UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES K. JOLLEY,

    **Plaintiff,**

v.                                     Case No. 2:18cv647

U.S. BANK, N.A. AS TRUSTEE
FOR THE RMAC TRUST, SERIES
2016-CTT, et al.,

    **Defendants.**

## ORDER OF REMAND

This matter comes before the court on Plaintiff James K. Jolley's ("Jolley") Motion to Remand to State Court ("Motion to Remand") and corresponding Memorandum in Support, both filed on January 3, 2019. ECF Nos. 17-18. For the reasons set forth below, the Motion to Remand is **GRANTED**.

### I.

On July 19, 2018, Jolley filed a Complaint with the Circuit Court for the City of Chesapeake ("circuit court"), naming U.S. Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank") and Samuel I. White, P.C., Trustee A/K/A Samuel White, Trustee ("SIWPC") as Defendants. Mem. Supp. at 2, ECF No. 18.[1]

---

[1] For consistency in citations throughout this Order of Remand, the initial citation of a document will include the ECF No. of that document, with all subsequent citations being only to

Jolley seeks judgment against the Defendants on four counts: "Declaratory Judgment," "Equitable Estoppel," "Quiet Title," and "Injunction." Compl. ¶¶ 9-35, ECF No. 1-1 at 3-57.[2] These claims arise out of Jolley's purchase of certain real property ("the Property") pursuant to foreclosure proceedings under the BB&T Deed of Trust ("BB&T DOT"). Id. ¶¶ 6-8. Jolley alleges that U.S. Bank's Deed of Trust ("ML DOT") is subordinate to the BB&T DOT. Id. ¶¶ 10-11. Jolley further alleges that the ML DOT was extinguished by the foreclosure sale to Jolley under the BB&T DOT and that the ML DOT is no longer a lien on Jolley's property. Id. ¶ 12.

On July 25, 2018, U.S. Bank's Registered Agent was served with the Complaint. Mot. Leave File Answer ¶ 2, ECF No. 1-1 at 84-97. On August 28, 2018, Jolley filed a Motion for Summary Judgment on the basis that U.S. Bank was in default for failing to file a responsive pleading or otherwise appear within twenty-one (21) days after service of the summons and complaint pursuant to

---

the document itself without citation to the ECF No. See infra notes 2 and 4.

[2] ECF No. 1 is U.S. Bank's Notice of Removal. ECF No. 1-1 is Exhibit A to U.S. Bank's Notice of Removal and consists of 109 pages, which include "copies of all process, pleadings, and orders served upon" U.S. Bank as of the date of the Notice of Removal. See ECF No. 1 at 2. The first citation to a document from Exhibit A will include both the citation to the document itself, as well as to ECF No. 1-1 with the ECF page numbers for that complete document. Subsequent citations to a document from Exhibit A will be only to the document itself and will not include citation to ECF No. 1-1.

Virginia Supreme Court Rules 3:8, 3:9, and 3:19. Mot. Summ. J. ¶¶ 4-5, ECF No. 1-1 at 65-71. Jolley's Motion for Summary Judgment was noticed for October 3, 2018. Notice Hr'g Pl.'s Mot. Summ. J. at 1, ECF No. 1-1 at 82-83.

On October 2, 2018, U.S. Bank engaged counsel to represent it in this matter. Mot. Leave File Answer ¶ 4. The following day, on October 3, 2018, the Motion for Summary Judgment was continued, and counsel for SIWPC sent an e-mail to counsel for U.S. Bank with a proposed Agreed Order naming Samuel I. White, P.C., Trustee A/K/A Samuel White, Trustee as a Nominal Party ("Agreed Nominal Party Order"). Mem. Supp., Ex. A at 1-4, ECF No. 18-1.[3] U.S. Bank's counsel responded that same day and consented to the entry the Agreed Nominal Party Order. Id. at 1. The Agreed Nominal Party Order was entered by the circuit court on November 19, 2018. Agreed Order at 2, ECF No. 4 at 8-10.[4]

---

[3] ECF No. 18 is the Memorandum in Support of Motion to Remand to State Court. ECF No. 18-1 is Exhibit A to the Memorandum in Support and is not the same Exhibit A referenced in footnote 2. Given the duplicative use of Exhibit lettering in the parties' filings, the court has endeavored to ensure accuracy of the cites, as well as to alleviate confusion of duplicative letters. See supra note 2 and infra note 4.

[4] ECF No. 4 is Exhibit C to the Notice of Removal and consists of ten (10) pages. The executed, certified copy of the Agreed Nominal Party Order is in ECF No. 4 at 8-10. Subsequent citations to the Agreed Nominal Party Order will be to the document itself, denoted as "Agreed Order" for citation purposes, and will not include citation to ECF No. 4. See supra note 2 (same citation procedure as for Exhibit A).

In the interim, U.S. Bank filed a Motion for Leave to File Answer on October 17, 2018, which explained that U.S. Bank failed to timely file a responsive pleading to the Complaint because it "was improperly routed to the incorrect individual and department of U.S. Bank." Mot. Leave File Answer ¶ 3. The Motion for Leave to File Answer was noticed for November 28, 2018. Praecipe at 1, ECF No. 1-1 at 98-99. The circuit court heard Jolley's Motion for Summary Judgment and U.S. Bank's Motion for Leave to File Answer on November 28, 2018. Tr. Hr'g at 3, ECF No. 21. At the end of the hearing on November 28, 2018, the circuit court indicated that it anticipated ruling "within the next week." Id. at 25. The next week, on December 4, 2018, U.S. Bank filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1.

On January 3, 2019, Jolley filed the instant Motion to Remand and corresponding Memorandum in Support. ECF Nos. 17-18. Jolley asserts three grounds for remand: First, Jolley argues that the Notice of Removal was untimely under 28 U.S.C. § 1446, because more than thirty days had passed from October 3, 2018, which is the date U.S. Bank could first ascertain that the case had become removable. Mem. Supp. at 1. Second, Jolley argues that "US Bank has not satisfied its burden to demonstrate that there is complete diversity of the parties or federal subject matter jurisdiction." Id. Finally, Jolley urges the court to "decline jurisdiction, pursuant to its discretionary authority under Title 28 U.S.C.

§ 2201, over this state court declaratory judgment action." Id. at 1-2.

On January 22, 2019, U.S. Bank filed a Response in Opposition to Plaintiff's Motion to Remand ("Response"), asking the court to deny Jolley's Motion to Remand. ECF No. 26. On January 28, 2019, Jolley filed a Reply in Support of Its Motion to Remand to State Court ("Reply"). ECF No. 27. On February 4, 2019, Jolley, with agreement of U.S. Bank, requested a hearing on its Motion to Remand. ECF No. 28. The Motion to Remand is ripe for review and the court finds a hearing unnecessary to resolve the Motion to Remand.

**II.**

A defendant may remove a civil case to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. § 1446(b)(3) (emphasis added).

Jolley and U.S. Bank "agree that this matter was not initially removable because both Jolley and SIWPC are residents/domiciled in Virginia, and there is not complete diversity of the parties."[5] Mem. Supp. at 6; Resp. at 3. They also agree that the case later became removable because SIWPC is a nominal party, meaning its citizenship is not considered in determining whether the parties are completely diverse. Mem. Supp. at 5-6; Resp. at 3-5; see Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

However, the parties disagree as to exactly when it could first be ascertained that the case had become removable. Jolley argues that U.S. Bank could first ascertain that the case had become removable on October 3, 2018, when counsel for U.S. Bank received the proposed Agreed Nominal Party Order from SIWPC and consented to it. Mem. Supp. at 5. Jolley further contends that the October 3, 2018 e-mail and attached proposed Agreed Nominal Party Order are "other paper" under § 1446(b)(3). Id. at 6. U.S. Bank contends that the e-mail and attached proposed Agreed Nominal Party

---

[5] Federal district courts have original jurisdiction over a civil action if the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between parties whose citizenship is completely diverse. 28 U.S.C. § 1332(a).

Order were insufficient for it to ascertain that the case had become removable. Resp. at 3-6.

U.S. Bank argues that the earliest it could have learned that SIWPC was a nominal party was "on or about November 8, 2018 (but no earlier than November 5, 2018)," when it received a cover letter and copy of the Agreed Nominal Party Order for signing. Id. at 4. U.S. Bank insists that "the case was not removable until the proposed Nominal Party Order was entered by the state court on November 19, 2018." Id. at 6. U.S. Bank does not argue the cover letter and copy of the Agreed Nominal Party Order for signing, received from SIWPC with a request to forward on to Jolley, do not constitute "other paper" under § 1446. See id. at 5-6. Similarly, U.S. Bank does not argue the e-mail and attached proposed Agreed Nominal Party Order, received and responded to on October 3, 2018, do not constitute "other paper" under § 1446. See id.

### III.

For support of its argument, U.S. Bank cites In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation ("In re: Lumber Liquidators"), No. 1:15-cv-02639, 2015 WL 12516789 (E.D. Va. Oct. 22, 2015). In that case the plaintiffs filed an Amended Petition in state court, "in which plaintiffs first made class action allegations that established grounds for removal to federal court based on federal jurisdiction under the Class Action Fairness

7

Act ('CAFA')." Id. at *1. Although the plaintiffs filed the Amended Petition on March 4, 2015, they were required to obtain leave of court to do so. Id. The state court granted the plaintiffs leave to file the Amended Petition on March 10, 2015, and the defendants were served with the Amended Petition on March 13, 2015. Id. The defendants filed a Notice of Removal on April 7, 2015, and the federal court concluded that the defendants' Notice of Removal was timely because "the statutory period to file a Notice of Removal based on the Amended Petition was not triggered until the Amended Petition became an operative pleading, which occurred, at the earliest, on March 10, 2015, the day that the Louisiana state court granted the plaintiffs['] motion for leave to amend." Id.

The case at bar is clearly distinguishable. Unlike the defendants in In re: Lumber Liquidators, who needed new allegations in an Amended Petition to become operative to assert federal jurisdiction, nothing prevented U.S. Bank from filing a Notice of Removal on the basis of Jolley's Complaint prior to entry of the Agreed Nominal Party Order and asserting that SIWPC is a nominal party whose citizenship could be disregarded before the Agreed Nominal Party Order was entered in state court. To the extent, if any, that Jolley did not agree with the Defendants that SIWPC is a nominal party, the parties could have litigated SIWPC's nominal party status in federal court on a motion to remand from a timely filed notice of removal.

Furthermore, the Agreed Nominal Party Order has no impact on the operative pleading, Jolley's Complaint, as it does not substantively alter the claims in Jolley's Complaint to provide a basis for federal jurisdiction. See Agreed Order at 1-2. Jolley's Complaint does not seek monetary relief against SIWPC, nor does it allege that SIWPC has breached its fiduciary duty as trustee. See Compl. ¶¶ 9-35. The Agreed Nominal Party Order simply clarified and confirmed that "there is neither individual monetary relief sought against SIWPC herein nor liability alleged against it in the litigation of this matter," Agreed Order at 1, such that SIWPC's citizenship would not be considered in determining whether the parties are completely diverse. See Navarro Sav. Ass'n, 446 U.S. at 461. However, the entry of the Agreed Nominal Party Order was not necessary to put U.S. Bank on notice that this case was removable. Therefore, U.S. Bank's Notice of Removal filed on December 4, 2018, is untimely because the Notice of Removal could have been filed within thirty days from U.S. Bank's receipt of service of Jolley's Complaint on July 25, 2018.

**IV.**

To the extent, if any, that Jolley's Complaint was insufficient to put U.S. Bank on notice that SIWPC might be a nominal party whose citizenship could be disregarded, U.S. Bank was permitted to file its Notice of Removal "within 30 days after receipt . . . of a copy of an . . . other paper from which it may

9

first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Fourth Circuit construes "other paper" broadly "to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (quoting Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 at 520)). The October 3, 2018 e-mail and attached proposed Agreed Nominal Party Order are "other paper" under § 1446(b)(3) because those documents are information that was received by the defendant. Therefore, U.S. Bank's thirty-day period to file a Notice of Removal commenced, at the latest, on October 3, 2018, when it received "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

Moreover, the Fourth Circuit does

> not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, [the Fourth Circuit] allow[s] the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (emphasis added).

Thus, when U.S. Bank received the e-mail from SIWPC with the proposed Agreed Nominal Party Order attached on October 3, 2018, it had notice that the case was removable on the ground that SIWPC could be considered a nominal party whose citizenship could be disregarded. This is apparent from the four corners of the October 3, 2018 e-mail and the proposed Agreed Nominal Party Order that was attached. See Mem. Supp., Ex. A at 2-4.

In the October 3, 2018 e-mail, counsel for SIWPC wrote: "My client is still interested in having the 'Nominal Party' Order entered. I am attaching same here for Robert's review and endorsement." Id. at 2. Counsel for SIWPC further requested that Robert Michael, counsel for U.S. Bank, "add [his] signature block (assuming [he] ha[s] no objections to the Order)." Id. The attached proposed Agreed Nominal Party Order clearly indicates that it deems SIWPC to be a nominal party to the suit. Id. at 4 ("SIWPC is hereby deemed to be a nominal party."). Therefore, it is apparent from the four corners of the October 3, 2018 e-mail and the attached proposed Agreed Nominal Party Order that the case was removable on the ground that SIWPC could be considered a nominal party whose citizenship could be disregarded. Counsel for U.S. Bank confirmed that he received this notice, and agreed, that SIWPC could be considered a nominal party when he replied to the e-mail on October 3, 2018: "I have no objection to the Order which clarifies SIWPC's role in the matter as nominal." Id. at 1.

11

Moreover, the inquiry here is whether the e-mail and attached proposed Agreed Nominal Party Order gave <u>notice</u> of this ground for removal, not whether U.S. Bank realized on October 3, 2018, that it could file a notice of removal asserting SIWPC is a nominal party whose citizenship is disregarded. Therefore, October 3, 2018, is the date upon which U.S. Bank could have first ascertained that the case had become removable on the ground that SIWPC is a nominal party whose citizenship could be disregarded. Accordingly, U.S. Bank's Notice of Removal filed more than thirty days later on December 4, 2018, is untimely.

**V.**

For the reasons set forth herein, the court **FINDS** that the case at bar was not timely removed, Jolley's Motion to Remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court for the City of Chesapeake for further proceedings. Further, because the court resolves Jolley's Motion to Remand on the ground of timeliness, the court does not reach Jolley's other grounds for remand. Finally, Jolley's Motion for Show Cause Order Against U.S. Bank, ECF No. 8, and U.S. Bank's Motion to Dismiss, ECF No. 6, are rendered **MOOT**.

The Clerk is **DIRECTED** to send a copy of this Order of Remand to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

February 26, 2019